Joseph J. TRICHILLO, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

No. 85–CV–958.

United States District Court,
N.D. New York.

Nov. 13, 1986.

Baker, Clark & Satter, James M. Baker, Syracuse, N.Y., for plaintiff.

Frederick J. Scullin, Jr., U.S. Atty. for N.D.N.Y., Bernard J. Malone, Asst. U.S. Atty., Albany, N.Y., for defendant.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

The only issue before this court is whether the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, was "amended" or "reenacted" in August 1985 for cost-of-living adjustment purposes. The court adopts the holding of *Hirschey v. F.E.R.C.*, 777 F.2d 1 (D.C.Cir.1985) and grants attorneys fees under the EAJA, with a cost-of-living adjustment referring back to October 1981.

### I

This is an action to review a final determination of the Secretary of Health and Human Services ("Secretary") that plaintiff was not entitled to disability benefits under Title II of the Social Security Act, 42 U.S.C. § 405(g). On August 8, 1986, the court approved the Report-Recommendation of the United States Magistrate Ralph W. Smith, Jr. dated June 11, 1986 reversing the decision of the Secretary and remanding the case solely for the calculation and payment of benefits. Attorney for plaintiff now moves for payment of attorneys fees under the EAJA. The Secretary does not challenge the appropriateness of granting attorneys fees under the EAJA.

Section 2412(d)(2)(A) of the EAJA provides that:

> [A]ttorneys fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Plaintiff's attorney asserts that he is entitled to that statutory maximum hourly rate of $75 plus an increase in the cost of living, measured either from October 1980, the date of the statute's enactment, or from October 1981, the effective date of the EAJA.

The Secretary opposes this approach, relying on *Chipman v. Secretary of Health and Human Services*, 781 F.2d 545 (6th Cir.1986). In *Chipman* the Sixth Circuit found that the $75 maximum hourly rate was practically an absolute ceiling. The Court reasoned that since Congress did not raise the maximum rate in 1985, despite the actual rise in the cost of living since the original enactment of the EAJA in 1980, Congress intended to limit attorneys fees to $75 an hour in 1985 dollars. In effect,

the court reasoned that Congress "reenacted" the Act in 1985 and decided not to adjust the ceiling established in § 2412(d)(2)(A) for inflation from 1981 until 1985.

■ The first issue is, thus, whether Congress "reenacted" the EAJA in August 1985. This issue was specifically addressed by the District of Columbia Circuit Court in *Hirschey v. F.E.R.C.*, 777 F.2d 1, 5 and n. 22 (D.C.Cir.1985). The court in *Hirschey* held that the EAJA was not actually reenacted in 1985; rather, a series of amendments to that Act went into effect then, including an amendment repealing the sunset provision which caused the EAJA to expire October 1985. *Id.* and nn. 21–23. The result of these amendments, as to the EAJA cost-of-living provision, was to reinstate the original legislation as if it had never ceased to exist. *Id.* at 5.

The court agrees with *Hirschey,* and hereby adopts its holding with respect to the EAJA amendments. The provision for cost-of-living adjustment applies as it originally did; the 1985 legislation does not indicate that Congress intended to establish the $75 rate as an absolute ceiling.

## II

■ The issue remains, however, whether the cost-of-living adjustment should be measured from October 1980 or from October 1981. The EAJA provisions went into effect in October 1981; it is from that date that the cost of living adjustment should be computed. *See Hirschey,* 777 F.2d at 5 n. 24.

Therefore, the hourly rate applicable in this case was $88.00 ($75.00 per hour plus 17.4% cost-of-living increase from October 1981 to August 1986). Plaintiff's attorney claims 55.2 hours worked, which is reasonable for the work required in this case.[1]

Therefore, the court awards $4,857.60 to plaintiff's attorney under the EAJA.

IT IS SO ORDERED.

---

1. The finding of reasonableness is based on the attorney's sworn assertion that he needed more time than usual for the appeal before this court because he was not involved in the administrative phase of the case. Extra time was also required to address the fee issues the court now decides.