Annie HARRIS, Plaintiff–Appellee,

v.

Louis W. SULLIVAN, M.D., Defendant–Appellant.

No. 1625, Docket 91–6273.

United States Court of Appeals, Second Circuit.

Argued May 22, 1992.

Decided June 30, 1992.

Sapna V. Raj, Sp. Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., S.D.N.Y., Ping C. Moy, Asst. U.S. Atty., of counsel), for defendant-appellant.

David Stroh Buckel, New York City (Francis J. Clark, Chief Counsel, Harlem Legal Services, Inc., of counsel), for plaintiff-appellee.

Before: VAN GRAAFEILAND, KEARSE, Circuit Judges, and PIERRE N. LEVAL, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

Louis W. Sullivan, Secretary of Health and Human Services, appeals from an order of the United States District Court for the Southern District of New York (Cedarbaum, J.) awarding Annie Harris, a successful social security litigant, $4,767.71 in attorney fees. The Secretary does not contest the award of fees, only the amount awarded, which, he maintains, was based upon an improper legal standard.

Subsections 2412(d)(1)(A) and 2412(d)(2)(A) (28 U.S.C. §§ 2412(d)(1)(A) and (d)(2)(A) (1988)) of the Equal Access to Justice Act ("EAJA") together allow a party who prevails in a civil suit brought by or against the United States to recover "reasonable attorney fees" when the position taken by the United States in that suit was not substantially justified. Subsection 2412(d)(2)(A), however, limits such fee recovery in the following manner:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee.

The issue on which the parties differ is whether the phrase "cost of living", as used in subsection (d)(2)(A), is to be given its ordinary everyday meaning, or whether it should be interpreted to refer to personal expenses, more specifically, legal fees. The district court adopted the second interpretation. *See* 773 F.Supp. 612, 616. Concluding that this was error, we vacate and remand.

Subsection 2412(d) was enacted in 1980 as part of section 204(a) of the EAJA. *See*

---

* United States District Judge for the Southern District of New York, sitting by designation.

Pub.L. No. 96–481, 94 Stat. 2325, 2328–29. However, it was given only a limited existence, being scheduled for repeal on October 1, 1984. *Id.* § 204(c), 94 Stat. at 2329. In August of 1985, Congress annulled this sunset provision, stating that subsection (d) of section 2412 would be effective thereafter as if the subsection had not been repealed. Pub.L. No. 99–80, § 6(a), 99 Stat. 183, 186.

■■■ "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979). Because "cost of living" is not defined in the statute and has no established common law meaning, it should be given its common, ordinary meaning, *i.e.,* "the cost of purchasing those goods and services which are included in an accepted standard level of consumption," Webster's Third New International Dictionary 515, or "the costs of food, shelter, clothing, and other basic goods and services needed in everyday life," *Sullivan v. Sullivan*, 958 F.2d 574, 576–77 (4th Cir.1992). From the time subsection 2412(d) first became effective on October 1, 1981, almost every court that has applied this subsection has held, albeit without debate on the specific issue, that "cost of living" has this ordinary meaning and is properly measured by the Consumer Price Index. *See, e.g., Natural Resources Defense Council, Inc. v. United States Environmental Protection Agency,* 703 F.2d 700, 713 (3d Cir.1983); *Action on Smoking and Health v. CAB,* 724 F.2d 211, 218 (D.C.Cir.1984); *Continental Web Press, Inc. v. NLRB,* 767 F.2d 321, 323–24 (7th Cir.1985); *Hirschey v. FERC,* 777 F.2d 1, 5 (D.C.Cir.1985); *Sierra Club v. Secretary of Army,* 820 F.2d 513, 521–23 (1st Cir.1987); *Allen v. Bowen,* 821 F.2d 963, 967–68 (3d Cir.1987); *Wilkett v. ICC,* 844 F.2d 867, 875 (D.C.Cir.1988); *Russell v. Sullivan,* 930 F.2d 1443, 1446 (9th Cir. 1991).

This court, also without debate directed to the specific issue, has adopted the same reasonable interpretation. In *Trichillo v.*

*Secretary of Health and Human Services,* 647 F.Supp. 125 (N.D.N.Y.1986), Chief Judge Munson of the Northern District applied the 17.4 percent general cost of living increase from October 1981 to August 1986. *Id.* at 127. We affirmed the full amount awarded at the rate of $75 plus a 17.4 percent cost of living increase, *i.e.,* $88 per hour. 823 F.2d 702, 708 (2d Cir.1987). In so doing, we stated that when Congress re-enacted section 2412(d) in 1985, it can be presumed to have had knowledge of the interpretation given that section prior to its repeal. *Id.* at 706. See also *Sierra Club, supra,* 820 F.2d at 521–23, where the court approved a similar 17.8 percent increase based upon the Consumer Price Index and also found significance in the 1985 re-enactment of the statute without change.

■■■ The long time acceptance of a reasonable statutory interpretation, coupled with Congress's failure to reject the same, "argues significantly" in favor of the judicial reading. *See Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 733, 95 S.Ct. 1917, 1924, 44 L.Ed.2d 539 (1975); *see also Heverly v. Commissioner,* 621 F.2d 1227, 1232 (3d Cir.1980). We believe that the cases above cited constitute at least a tacit judicial acceptance of the interpretation urged by the Secretary, and we are constrained to agree. Because the district court's holding that "[t]he maximum hourly rate should be increased to take into account the prevailing market rate for legal services," is an interpretation of a federal statute, we review it *de novo,* and we reject it. In so doing, we follow the well-reasoned opinions of the Third Circuit in *Dewalt v. Sullivan,* 963 F.2d 27 (3d Cir. 1992), and the Fourth Circuit in *Sullivan, supra,* 958 F.2d 574. Like those courts, we see no reason to alter the ordinary meaning ascribed to the phrase "cost of living" and we see no reason to alter the manner in which the cost of living customarily is measured—the Consumer Price Index.

The district court's order is vacated and the matter is remanded for recalculation of the proper cost of living increase. The district court should apply the $75 statutory cap for hourly rates and adjust the

same for general inflation since October 1, 1981.