Eugene STERN, by June Mohr, Guardian, Petitioner-
Respondent-Cross-Appellant,†

v.

WISCONSIN DEPARTMENT OF HEALTH AND FAMILY SER-
VICES, Defendant-Appellant-Cross-Respondent.

Court of Appeals

*No. 98–1493. Submitted on briefs September 18,
1998.—Decided October 21, 1998.*

(Also reported in 588 N.W.2d 658.)

†Petition to review denied.

On behalf of the defendant-appellant-cross-respondent, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Bruce A. Olsen*, assistant attorney general.

On behalf of the petitioner-respondent-cross-appellant, the cause was submitted on the briefs of *Carol Wessels Plaisted* and *Susan M. Grzeskowiak*, of *Legal Action of Wisconsin, Inc.* of Milwaukee.

Before Brown, Nettesheim and Anderson, JJ.

BROWN, J. The Wisconsin Equal Access to Justice Act (WEAJA), § 814.245, STATS., provides attorney's fees for successful plaintiffs. The rate is the market rate, not to exceed $75 an hour, but trial courts are given discretion to grant a cost of living increase or to grant higher fees if a "special factor" exists. *See id.* at subd. (5)(a)2. The WEAJA was modeled after the federal Equal Access to Justice Act (EAJA), and specifically states that we should be guided by federal law in interpreting the state act. *See id.* at subsec. (1). Regarding a cost of living increase, federal case law establishes that the base date from which to calculate the cost of living increase is the date the law was first enacted. We hold that the "law" we look at is the law passed by the Wisconsin legislature in 1985, not the

federal law first passed in 1981. We thus modify the trial court's order allowing a cost of living increase from a base year of 1981 to a base year of 1985. Second, we hold, as a matter of law, that no extraordinary legal expertise was necessary in this case. It was therefore appropriate for the trial court to deny an upward adjustment to the statutory rate based on a special factor.

This is the second time this case is before this court. The underlying facts, which we forego recounting here, involve the termination without prior written notice of Eugene Stern's medical assistance benefits by the Department of Health and Family Services (DHFS).[1] In the previous appeal, we reversed the trial court's denial of attorney's fees, holding that DHFS' position was not substantially justified, and therefore Stern was entitled to attorney's fees. *See Stern v. DHFS*, 212 Wis. 2d 393, 403, 569 N.W.2d 79, 84 (Ct. App. 1997) (*Stern I*); § 814.245(3), STATS.

On remand, Stern argued for fees above the statutory $75 per hour maximum market rate, asserting that medical assistance law involves a need to understand complex Medicaid statutes and regulations as well as related Medicaid and Supplemental Security Income case law. Because of this, there is a limited availability of attorneys qualified to handle these cases and the market rate for this specialty is higher than for normal legal work. If the trial court was disinclined to grant an increase in fees based on a special factor, Stern asked for a cost of living increase. The trial court granted Stern's request for the cost of living increase, using 1981 as the base year upon which to calculate the

---

[1] The Department of Health and Family Services was previously, and at the time of this action, called the Department of Health and Social Services. Nevertheless, we will utilize DHFS.

increase. It is the use of 1981, rather than 1985, the date the WEAJA was enacted, that DHFS appeals. The trial court did not address Stern's request for a special factor increase, and it is this absence of decision which forms the basis for Stern's cross-appeal. We first address the appeal and then the cross-appeal.

## DHFS' Appeal

Section 814.245(3), STATS., mandates the award of attorney's fees to a prevailing party in any proceeding for judicial review of a state agency action unless the agency's position was substantially justified. Subsection (5) directs the court to award reasonable attorney's fees based on the prevailing market rate. *See* § 814.245(5)(a). However, the fees are not to exceed $75 per hour "unless . . . an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys . . . justifies a higher fee." *Id.* at subd. 2. Here, the court increased the rate to $132.75, based on an increase in the cost of living since 1981.

DHFS argues that 1985 is the appropriate base year to use in calculating the inflated hourly rate. According to DHFS, the statute is clear on its face: it says $75 per hour. Because the statute was enacted in 1985, it is clear that the legislature meant $75 as those dollars were valued in 1985. Therefore, 1985 is the appropriate starting point upon which to base a subsequent cost of living increase over and above the $75 figure. If the legislature had meant the base rate to be seventy-five 1981 dollars, it would have said so.

Stern responds that the legislature has explicitly told the courts to look to federal case law when interpreting the WEAJA. *See* § 814.245(1), STATS. And federal cases hold that, even after the reenactment of the EAJA in 1985, courts still should use 1981 as the

base year. *See Hirschey v. FERC*, 777 F.2d 1, 5 (D.C. Cir. 1985); *Trichillo v. Secretary of Health and Human Servs.*, 647 F. Supp. 125, 127 (N.D.N.Y. 1986). Stern argues that Wisconsin courts should look to the federal case law and use 1981 as the base year.

Both interpretations are reasonable. We must therefore conclude that § 814.245(5)(a)2, STATS., is ambiguous. *See Hauboldt v. Union Carbide Corp.*, 160 Wis. 2d 662, 684, 467 N.W.2d 508, 517 (1991). How to interpret the section presents a question of law we review de novo. *See Grosse v. Protective Life Ins. Co.*, 182 Wis. 2d 97, 105, 513 N.W.2d 592, 596 (1994). As always, we seek to further the legislature's intent through our interpretation of a statute. *See Voss v. City of Middleton*, 162 Wis. 2d 737, 749, 470 N.W.2d 625, 629 (1991).

Section 814.245(1), STATS., explicitly states that the legislature intends Wisconsin courts to follow federal case law, as of November 20, 1985, when interpreting the WEAJA. Stern argues that any increase due to cost of living should thus be calculated with 1981 as the base year, as this is the base year used for the federal law. *See Trichillo*, 647 F. Supp. at 127. In *Trichillo*, the district court reasoned that the 1985 legislation that affected the EAJA was not a reenactment, but merely a repeal of the sunset provision that had made the EAJA inoperable in 1985. *See id.* The amendments did not change the year the statute went into effect—1981. That is the appropriate starting point from which to calculate the hourly rate. *See id.* However, *Trichillo* was decided on November 13, 1986; this was after the enactment of the WEAJA. Thus, *Trichillo* was not "federal case law, as of November 20, 1985," by which the statute tells us to be guided. *See* § 814.245(1). But *Trichillo* relies on another case, one

decided on November 15, 1985. *See Trichillo*, 647 F. Supp. at 127 (discussing *Hirschey,* 777 F.2d at 1). In *Hirschey*, the circuit court held that the original EAJA applied in that case. But, going on in dicta, it stated: "[E]ven if the [1985] amendments applied, they do not alter any aspect of [the EAJA]. The provision for a cost-of-living increase remains unchanged and therefore applies as it did originally. Consequently, we approve a cost-of-living increase in the statutory cap to $89.73 [rate using 1981 as base year]." *See Hirschey,* 777 F.2d at 5 (footnote omitted).

At first blush, these cases seem to push us toward 1981 as the base year for the cost of living increase under the WEAJA. However, their ratio decidendi is that the increase should be computed from the date of enactment of the law. *See Trichillo,* 647 F. Supp. at 127 ("The EAJA provisions went into effect in October 1981; it is from that date that the cost of living adjustment should be computed."). We are persuaded by this logic, and thus hold that the appropriate base for a cost of living increase under the WEAJA is November 1985—its date of enactment. Had the legislature intended 1981 to be the base year, it could have explained that the $75 was to be valued at 1981 dollars. Instead, it instructed the courts to be guided by federal case law, and the cases hold that it is from the date of enactment that adjustments should be made.[2]

We are mindful of the caveat that we not construe the WEAJA so as to thwart or discourage citizens from

---

[2] We acknowledge that our language in *Stern I* misguided the trial court. *See Stern v. DHFS,* 212 Wis. 2d 393, 404, 569 N.W.2d 79, 84 (Ct. App. 1997) ("courts may include cost of living increases since 1981"). However, the appropriate base year was not before us in *Stern I,* so that statement was dicta.

using it to address meritorious claims. We are confident, however, that this holding will not undermine the purpose of the WEAJA by discouraging challenges to agency actions. *See Stern I*, 212 Wis. 2d at 404, 569 N.W.2d at 84. In our opinion, the difference between the two rates is not so severe as to keep qualified lawyers from accepting requests to prosecute actions under the act. We doubt that our decision will work as a deterrent.[3]

Because the trial court's award of $132.75 per hour was based on a calculation using 1981 as the base year, we remand for modification of the order to award the proper hourly rate using November 1985 as the base, which is $110.60 per hour.

---

[3] In this case, using 1981 as the base year yields a rate of $132.60 and using November 1985 as the base date yields a rate of $110.60. The calculation is based on the percentage change in the "All Items" portion of the Consumer Price Index for All Urban Consumers (CPI). *See Wonders v. Shalala*, 822 F. Supp. 1345, 1349 n.5 (E.D. Wis. 1993). The formula for calculating the appropriate cost of living increase, as set forth in *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1463 (9th Cir. 1988), is

$$\frac{x}{75} = \frac{CPI_b}{CPI_a} \qquad \text{or} \qquad x = 75 \left[ \frac{CPI_b}{CPI_a} \right]$$

where x = adjusted fee, a = date of enactment and b = date of the most recent CPI figure available. Monthly Consumer Price Index information is located on the Internet site of the Bureau of Labor Statistics. The CPI for November 1985 is 326.6. Here, for the most recent CPI available, we used the CPI for August 1997, as did the trial court, though the trial court increased the resultant $132.60 to $132.75.

## Stern's Cross-Appeal

We now turn to Stern's cross-appeal challenging the trial court's decision not to increase the rate due to a "special factor." Stern first asserts that the trial court's failure to address his request in its order is an erroneous exercise of discretion. He further claims that since his request for an upward adjustment due to the prevailing market rate and specialized nature of the case was well supported and undisputed, it was a misuse of discretion to deny the request. DHFS responds that (1) Stern waived this issue by taking two inconsistent positions at trial; (2) the court of appeals decision in *Stern I* precluded the upward adjustment due to a special factor; and (3) Stern lost his chance to proceed under § 814.245, STATS., by not filing a timely request.

We need not address DHFS' arguments because we conclude, as a matter of law, that even if DHFS is wrong regarding all of its preliminary arguments, on the merits, Stern is not entitled to an upward adjustment of fees due to a special factor.[4] When the facts are not in dispute, we are in as good a position as the trial court to make the ultimate conclusion of fact—whether the case required specialized knowledge such that there would be a "limited availability of qualified attorneys." Section 814.245(5)(a)2, STATS.; *see Chicago, Milwaukee, St. Paul & Pac. R.R. v. City of Milwaukee*, 47 Wis. 2d 88, 96, 176 N.W.2d 580, 583 (1970). That the trial court did not discuss Stern's special factor request is of no great moment—we can decide the issue.

---

[4] We do note, however, that *Stern I* did *not* address this issue, despite DHFS' reading to the contrary. In *Stern I*, we *distinguished* a fee multiplier, an enhancement applicable in some federal civil rights cases, from a special factor under the WEAJA. *See Stern I*, 212 Wis. 2d at 403 & n.6, 569 N.W.2d at 84.

From our review of the undisputed facts we conclude that this case did not warrant a rate increase on the basis of complexity. If this were a case necessitating an understanding of the complex interaction between state and federal law, then we acknowledge that it might well warrant a special factor increase. But here, the statutory aspect of the case was not difficult—it is well established that notice is required before the termination of public assistance benefits. *See Goldberg v. Kelly*, 397 U.S. 254, 267–68 (1970). What was important in this case were the factual questions—when did the benefits terminate and when did DHFS notify Stern's guardian about the termination? Any competent lawyer could have handled this case. We thus affirm on the cross-appeal.

Costs are awarded to the Wisconsin Department of Health and Family Services.

*By the Court.*—Order modified and, as modified, affirmed.