247 Wis.2d 27 (2001)
2001 WI App 171
632 N.W.2d 866
Randal BIDSTRUP, Plaintiff-Respondent,[]
v.
Wisconsin DEPARTMENT OF HEALTH AND FAMILY SERVICES, Defendant-Appellant.[]
Myrtle COVIN, Plaintiff-Respondent,[]
v.
Wisconsin DEPARTMENT OF HEALTH AND FAMILY SERVICES, Defendant-Appellant.[]
Jan HENDRICKSON, Plaintiff-Respondent,[]
v.
Wisconsin DEPARTMENT OF HEALTH AND FAMILY SERVICES, Defendant-Appellant.[]
Ellen HRBEK, Plaintiff-Respondent,[]
v.
Wisconsin DEPARTMENT OF HEALTH AND FAMILY SERVICES, Defendant-Appellant.[] *28
Mark JOHNSON, Plaintiff-Respondent,[]
v.
Wisconsin DEPARTMENT OF HEALTH AND FAMILY SERVICES, Defendant-Appellant.[]
Brian VIPOND, Plaintiff-Respondent,[]
v.
Wisconsin DEPARTMENT OF HEALTH AND FAMILY SERVICES, Defendant-Appellant.[]
Raymond WALLER, Plaintiff-Respondent,[]
v.
Wisconsin DEPARTMENT OF HEALTH AND FAMILY SERVICES. Defendant-Appellant.[]
Laura WISNIEWSKI, Plaintiff-Respondent,[]
v.
Wisconsin DEPARTMENT OF HEALTH AND FAMILY SERVICES, Defendant-Appellant.[]
Nos. 00-1607, 99-CV-208, 99-CV-209, 99-CV-210, 99-CV-211, 99-CV-212, 99-CV-213, 99-CV-214, 99-CV-215.
Court of Appeals of Wisconsin.
Submitted on briefs November 7, 2000.
Decided June 7, 2001.
*31 On behalf of the defendant-appellant, the cause was submitted on the briefs of James E. Doyle, attorney general, and Bruce A. Olsen, assistant attorney general.
On behalf of the plaintiffs-respondent, the cause was submitted on the brief of Gregory P. Seibold of Murphy & Desmond, S.C., Madison.
Before Dykman, P.J., Vergeront and Roggensack, JJ.
¶ 1. DYKMAN, P.J.
The Department of Health and Family Services (DHFS) appeals from an order directing it to grant Medical Assistance benefits to the eight Respondents, after some of the Respondents prevailed in a related federal suit. DHFS argues that the Respondents' claims for these benefits are barred by a number of statutory and common law rules. The Respondents counter that they should be allowed to maintain their claims because they did not receive proper notice of their appeal rights in an initial termination. We agree that the Respondents received improper notice. However, we conclude that the issue of defective notice became moot with regard to five of the eight Respondents who challenged the termination despite DHFS's initial failure to notify them of appeal rights. With respect to those five Respondents, we also conclude that they cannot now make claims relying on constitutional arguments that they should have raised in circuit court when they first challenged their terminations. We therefore affirm in part and reverse in part.

*32 I. Background
¶ 2. The Respondents, Randal Bidstrup and seven others, are severely disabled residents of a Jefferson County institution, Bethesda Lutheran Homes. During various periods of time, they received Medical Assistance based on their status as Supplemental Security Income (SSI) recipients.
¶ 3. Between February 26, 1993, and June 21, 1996, all of the Respondents were individually notified in writing that they were about to lose Medical Assistance because their eligibility for SSI had ended. The notices explained:
The Social Security Administration recently notified you that you will no longer be eligible for [SSI]. . . . This action was taken because you became eligible for or you received an increase in Title II Disabled Adult Child Benefits.
Because your eligibility for SSI has ended, you will no longer be automatically eligible for Medical Assistance. You may be eligible for Medical Assistance if you apply at your county social service or human service agency. You will continue to receive your Medical Assistance card for three more months . . . .
Nothing in these notices explained to the Respondents that they had a right to a hearing, nor did the notices contain a time limit for filing a hearing request.
¶ 4. Respondents Myrtle Covin, Jan Hendrickson, and Mark Johnson did not reapply for Medical Assistance as the notice suggested.[1]
*33 ¶ 5. Respondents Randal Bidstrup, Raymond Waller, Laura Wisniewski, Ellen Hrbek, and Brian Vipond completed applications for Medical Assistance. DHFS denied their applications, determining that they were not eligible for Medical Assistance because they were not Wisconsin residents. DHFS indicated its decision to each of the five Respondents in a "negative notice," which explained: "If you do not agree with the decision, you can request a fair hearing. Please see the other side of this notice for fair hearing information as well as information about your rights and responsibilities."
¶ 6. Only Bidstrup, Waller, and Wisniewski requested hearings to contest the denial of benefits. By January 30, 1995, all three received a DHFS decision affirming its earlier determination that they were ineligible for Medical Assistance as non-Wisconsin residents.
¶ 7. In September 1995, Bidstrup, Hrbek, and Wisniewski, together with Bethesda Lutheran and other plaintiffs, filed suit in federal court. Proceeding under 42 U.S.C. § 1983,[2] they challenged the constitutionality of the state laws and federal regulations that impose state residency as a precondition to admission to facilities like Bethesda Lutheran and access to Medical *34 Assistance. Bethesda Lutheran Homes & Servs., Inc. v. Leean, 122 F.3d 443, 444, 447 (7th Cir. 1997) (Bethesda I). The Seventh Circuit Court of Appeals struck down the statutes and regulations, concluding that they violated the federal constitutional right to travel. Id. at 450.
¶ 8. The Seventh Circuit remanded for the district court to enter proper relief, noting that under Eleventh Amendment sovereign immunity, federal courts were barred from ordering damages against state officials acting in their official capacity. See Bethesda I, 122 F.3d at 444, 450. On remand, the district court granted injunctive relief. See Bethesda Lutheran Homes & Servs., Inc. v. Leean, 154 F.3d 716, 718 (7th Cir. 1998) (Bethesda II).[3]
¶ 9. After Bethesda I, DHFS certified the Respondents as eligible for Medical Assistance as of August 21, 1997, the date of the Seventh Circuit's decision.[4] The Respondents requested a hearing on this certification, asking that they be determined eligible for additional benefits, starting from the dates of their original terminations.
*35 ¶ 10. A hearing examiner issued a proposed decision for each Respondent. DHFS, through the Division of Hearings and Appeals, adopted the hearing examiner's findings of fact and concluded that the Respondents were not entitled to additional benefits. DHFS reached its conclusion by analyzing the Respondents' claims under Chevron Oil Co. v. Huson, 404 U.S. 97, 106-07 (1971), in which the United States Supreme Court discussed the test for determining whether new law should be applied retroactively. DHFS determined that, under Chevron, the Respondents were entitled only to "prospective" relief after Bethesda I.[5]
¶ 11. The Respondents petitioned the circuit court for review under WIS. STAT. § 227.52 (1997-98).[6] The circuit court applied Chevron as well, but concluded that the Respondents were entitled to additional "retroactive" benefits.[7] The circuit court reversed DHFS's decision and remanded for orders or other administrative action consistent with the court's decision. DHFS appeals.

*36 II. Analysis
[1]
¶ 12. This case requires that we interpret and apply the administrative code, a question of law that we review de novo. See Gorchals v. DHFS, 224 Wis. 2d 541, 545, 591 N.W.2d 615 (Ct. App. 1999).
¶ 13. As an initial matter, we address whether the first notices the Respondents received were required to contain an explanation of appeal rights. DHFS argues that the notices did not constitute agency action, implying that they were not required to contain an explanation of hearing or appeal rights. We disagree.
¶ 14. DHFS contends that, upon receipt of the notices, the Respondents were merely subject to a "redetermination" and a "termination notice [was] not required." We construe the notices as terminations. At the very least, they were notices of DHFS's intent to terminate within the meaning of WIS. ADMIN. CODE § HFS 103.09(4) (Nov. 2000).[8] The notices unambiguously explained that the Respondents were about to lose their Medical Assistance if they did not reapply: "Because your eligibility for SSI has ended, you will no longer be automatically eligible for Medical Assistance. *37 You may be eligible for Medical Assistance if you apply at your county social service or human service agency." (Emphasis added.)
[2, 3]
¶ 15. Because the notices were terminations, DHFS was required to advise the Respondents of their rights to appeal under WIS. ADMIN. CODE § HFS 103.09(4). Notice upon termination or proposed termination is a basic requirement of procedural due process. See Stern v. DHFS, 212 Wis. 2d 393, 400, 569 N.W.2d 79 (Ct. App. 1997). The details of what constitutes adequate notice are set out in § HFS 103.09(4), and an agency must follow its own rules. See Stern, 212 Wis. 2d at 400.
[4]
¶ 16. Because the notices did not provide information regarding the Respondents' rights to appeal, they were inadequate under WIS. ADMIN. CODE § HFS 103.09(4) and inadequate to satisfy the requirements of due process.
[5]
¶ 17. When a governmental agency does not comply with its own procedural requirements, we are loathe to deny all recourse to the affected parties. See, e.g., Bergmann v. McCaughtry, 211 Wis. 2d 1, 9, 564 N.W.2d 712 (1997) (holding that "[DOC]'s failure to comply with its own regulations providing a basic procedural right such as notice invalidates the proceedings conducted"); Linstrom v. Christianson, 161 Wis. 2d 635, 637, 640, 469 N.W.2d 189 (Ct. App. 1991) (holding that a six-month statute of limitations on claims against government entities is not triggered where the entity fails to provide the claimant with notice of disallowance of claim under then WIS. STAT. § 893.80(1)(b) (1989-90)).
*38 ¶ 18. The Respondents contend that normally, the running of an appeal period from an agency decision should be tolled where an affected party receives no notice of appeal rights, and we agree. Under Bergmann and Linstrom, it would be unfair to penalize Covin, Johnson, and Hendrickson for failing to exercise rights that the agency should have brought to their attention. They never received information regarding their appeal rights.
[6, 7]
¶ 19. Because DHFS never advised Covin, Johnson, or Hendrickson of their rights to appeal, we consider their claims to be properly before us as a matter of initial review. And within the context of that initial review, we conclude that under the now-existing rule of Bethesda I, their benefits were wrongfully terminated. Accordingly, they are entitled to benefits commencing with the respective dates of their wrongful terminations, and we affirm the circuit court insofar as it ordered benefits for Covin, Johnson, and Hendrickson.
¶ 20. This conclusion does not, however, dispose of the claims of the remaining five Respondents, and we approach their claims differently in light of Kocher v. DHSS, 152 Wis. 2d 170, 448 N.W.2d 8 (Ct. App. 1989).
¶ 21. In Kocher, 152 Wis. 2d at 173, DHSS[9] sent a Medical Assistance recipient a notice stating that his benefits were about to be terminated. Even though the notice did not explain his right to request a hearing, he requested a hearing anyway. Id. at 173, 178-79. The *39 recipient lost his administrative appeals, as well as his appeal to the circuit court. Id. at 175. On appeal to this court, he argued that the notice was inadequate and asked that we reverse DHSS's decision. See id. at 178. We affirmed, concluding that because the recipient had requested a hearing, the fact that the notice failed to explain his hearing rights was a moot issue. Id. at 172, 179-80.
[8]
¶ 22. Like the Medical Assistance recipient in Kocher, Hrbek, Vipond, Bidstrup, Waller, and Wisniewski each took action despite receiving an inadequate notice. They submitted new Medical Assistance applications after receiving those notices, and DHFS affirmed its ineligibility determination. Under Kocher, the question of DHFS's failure to initially notify these five Respondents of their appeal rights is therefore moot because they did initiate an administrative appeal. However, unlike the recipient in Kocher, none of the five Respondents here completed their appeals, although they had the opportunity to do so. While it is true that DHFS may have lacked the power to decide constitutional issues, the supreme court has determined that a party must nevertheless raise these issues with the agency in order to preserve them for subsequent review. See Omernick v. DNR, 100 Wis. 2d 234, 248, 301 N.W.2d 437 (1981). We conclude that Hrbek, Vipond, Bidstrup, Waller, and Wisniewski were required to have raised their objections to the constitutionality of the Medical Assistance statutes in their initial administrative appeal. Although some of the Respondents may have raised the issue at the agency level, none of them chose to take the constitutional question to a forum where it could have been decided: the circuit court. They may not now challenge DHFS's decision *40 denying them additional benefits based on the constitutional argument they should have made to the circuit court the first time they had the opportunity to do so. We therefore reverse the trial court's order with respect to these five Respondents.
¶ 23. No costs to either party.
By the Court.  Order affirmed in part; reversed in part.
NOTES
[] Petition to review filed.
[] Petition to cross-review filed.
[] Petition to review denied 9-19-01.
[] Petition to cross-review denied 9-19-01.
[1] The record contains a stipulation containing contradictory information as to whether Johnson did or did not reapply. However, based on the parties' arguments and other documents in the record, we assume that he did not.
[2] 42 U.S.C.S. § 1983 (2001) states in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .
[3] Although the district court granted injunctive relief, it denied the plaintiffs the damages they sought against Jefferson County. Bethesda Lutheran Homes & Servs., Inc. v. Leean, 154 F.3d 716, 718 (7th Cir. 1998) (Bethesda II). Litigation continued in federal court, but the resulting federal decisions do not dispose of the issue before us here. See id.; see also Bethesda Lutheran Homes & Servs., Inc. v. Born, 238 F.3d 853, 856 (7th Cir. 2001) (Bethesda III). The Respondents are before this court pursuing the monetary relief that the federal courts could not grant.
[4] DHFS certified Johnson and Covin as of September 1, 1997.
[5] The hearing examiner also applied Chevron Oil Co. v. Huson, 404 U.S. 97 (1971), but reached a different conclusion than DHFS.
[6] All references to the Wisconsin Statutes are to the 1997-98 version unless otherwise noted. WISCONSIN STAT. § 227.52 states in part:

Administrative decisions which adversely affect the substantial interests of any person, whether by action or inaction, whether affirmative or negative in form, are subject to review as provided in this chapter, except as otherwise provided . . . ."
[7] As they did below, the parties make arguments under Chevron on appeal. We question whether retroactivity as discussed in Chevron provides the proper framework for analysis of this case. But in any event, we need not address the Chevron issue because we decide this case on other grounds.
[8] WIS. ADMIN. CODE § HFS 103.09(4) (Nov. 2000) states:

TIMELY NOTICE. The agency shall give the recipient timely advance notice and explanation of the agency's intention to terminate MA. This notice shall be in writing and shall be mailed to the recipient at least 10 calendar days before the effective date of the proposed action. The notice shall clearly state what action the agency intends to take and the specific regulation supporting that action, and shall explain the right to appeal the proposed action and the circumstances under which MA is continued if a fair hearing is requested.
We note that the notices also failed to set forth a specific regulation on which the termination was based.
[9] The Department of Health and Family Services used to be called the Department of Health and Social Services. Stern v. DHFS, 222 Wis. 2d 521, 523 n.1, 588 N.W.2d 658 (Ct. App. 1998).