**PALMER EXPLORATION, INC., Plaintiff,**

v.

**George S. DENNIS, Defendant.**

**Civ. A. No. J90–0369(L).**

United States District Court, S.D. Mississippi, Jackson Division.

Jan. 11, 1991.

---

Jefferson D. Stewart and Watts C. Ueltchey, Brunini, Grantham, Grower & Hewes, Jackson, Miss., for plaintiff.

Craig Castle and Thomas J. Lowe, Jr., Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on cross motions of plaintiff Palmer Exploration, Inc. (Palmer) for partial summary judgment and of defendant George Dennis for dismissal. The parties have each responded to the motion of the other and the court has considered memoranda with attachments submitted by both parties in ruling on the motion.

The parties to this action were previously before the court in February 1988, when Palmer filed suit against Dennis to remove clouds on its title to certain property upon which it was drilling for oil. *Palmer Exploration v. Dennis*, 730 F.Supp. 734 (S.D. Miss.1989). In that action, Dennis, who had secured leases to the subject property, counterclaimed against Palmer for removal of clouds upon his title to the property. The question before the court was whether leases obtained by Dennis included "deep rights," rights to property below 5700 feet, to the subject tract. By opinion entered

April 20, 1989, 730 F.Supp. 734, this court held that Palmer was entitled to summary judgment; on May 11, 1989, a judgment was entered declaring Dennis's recorded leases null and void and taxing Dennis with all costs. On February 8, 1990, the Fifth Circuit summarily affirmed this court.

Palmer filed the instant action on July 27, 1990 alleging that the actions complained of in the 1988 litigation, as well as other actions taken by Dennis after he obtained leases to the property, constituted intentional or wrongful interference with a contract and business relations. The affirmative defenses raised by Dennis in his answer to the complaint are the subject of Palmer's motion for partial summary judgment. Specifically, Dennis asserted (1) that Palmer's claim is barred by collateral estoppel, and (2) that the cause of action is essentially one for slander of title and is thus barred by Miss.Code Ann. § 15–1–35, a one-year statute of limitations for suits on certain intentional torts. Dennis has moved for dismissal on the basis of the statute of limitations and also argues that Palmer has failed to state a claim of wrongful interference with a contract and/or business relations.

Palmer contends that collateral estoppel is not applicable because in the prior suit it requested only equitable relief whereas the present suit seeks recovery of monetary damages. The doctrine of collateral estoppel does not apply to the present action as the prerequisites to its application are clearly not present. The three criteria for invocation of the doctrine are:

1) that the issue at stake be identical to the one involved in the prior litigation;

2) that the issue have been actually litigated in the prior litigation; and

3) that the determination of the issue in the prior litigation have been a critical and necessary part of the judgment in that earlier action.[1]

*Stovall v. Price Waterhouse Co.*, 652 F.2d 537, 540 (5th Cir.1981). Strictly speaking, the issue now presented was not actually decided or necessary to the former judgment. However, while Palmer's claim is not barred by collateral estoppel, it is nevertheless barred under the related doctrine of res judicata.[2]

To apply the principle of res judicata, the rule that once a matter has been finally adjudicated no subsequent action may be maintained, four criteria must be met:

(1) the parties must be identical in both suits;

(2) the prior judgment must have been rendered by a court of competent jurisdiction;

(3) there must be a final judgment on the merits; and

(4) the same cause of action must be involved in both cases.

*Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir.1990). At issue in the case *sub judice* is whether the fourth element is satisfied; the first three prerequisites are not in dispute. Palmer asserts that the interference with contract and business relations claim is a separate cause of action from the action to quiet title. To determine whether res judicata bars a subsequent action, the essence of the two actions must be compared and a determination made as to whether the "primary right and duty or wrong are the same in each action." *White v. World Finance of Meridian, Inc.*, 653 F.2d 147, 150 (5th Cir. 1981). A review and comparison of the

---

1. Contrary to Palmer's assertion that the Mississippi collateral estoppel rule applies when this court is sitting in diversity, federal rules of res judicata and collateral estoppel are applicable regardless of the basis of jurisdiction. *Stovall v. Price Waterhouse Co.*, 652 F.2d 537, 541 (5th Cir.1981) (noting that the issue was squarely before the court).

2. Dennis has asserted that the former judgment in favor of Palmer bars the instant litigation and the doctrine of res judicata may be applica-

ble. The defense of res judicata may be waived by a party's failure to raise it but since collateral estoppel is a variant of res judicata, *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 172 (5th Cir. 1985), and the two terms are often used interchangeably, *Miller v. Hartwood Apts., Ltd.*, 689 F.2d 1239, 1241 n. 2 (5th Cir.1982) (estoppel bars decision as to issues litigated or which might have been litigated), the court considers that Dennis has effectively raised res judicata.

claims reveals that the primary right claimed by Palmer in both suits concerns its right to use the property in question without interference, and the primary wrong alleged by both suits is Dennis's adverse claim.

■ Where res judicata is applicable, it bars not only the claims presented in the former action, but also "every ground as to recovery that might have been presented." *Bullard v. Webster*, 679 F.2d 92, 93 (5th Cir.1982). The test for whether a claim could have been presented in the earlier suit is whether the present claim arises from the same nucleus of operative fact as the earlier claim. *In re Air Crash at Dallas/Fort Worth Airport*, 861 F.2d 814, 816 (5th Cir.1985). Facts set forth by Palmer in support of its motion for summary judgment as to the 1988 title suit, essentially the same facts upon which it bases its present suit, were that Dennis approached persons with whom Palmer had a contractual relationship and told them he did not believe Palmer had a valid lease. Dennis then bought from these persons the oil, gas and mineral leases later held to be a cloud on Palmer's title. In the instant litigation Palmer further asserts that Dennis enticed these persons to refuse to perform their contractual obligations to Palmer, contested Palmer's attempts before the State Oil and Gas Board to establish drilling units, and refused to execute "division orders," which failure he knew would suspend proceeds from the production of the wells on the land in question.[3] Palmer failed to advance these additional factual allegations earlier, but the present cause of action nonetheless arose from the same nucleus of operative fact as the earlier one—Dennis obtained and recorded leases of the property upon which Palmer was drilling for oil. Palmer could have alleged a claim for wrongful interference in addition to its action to remove clouds on title. The wrongful interference, if any, occurred when Dennis approached the property owners, told them he did not believe a valid lease covered their property and asked that they lease the property to him. "When one has

a choice of more than one remedy for a given wrong ... he or she may not assert them serially, in successive actions, but must advance all at once on pain of bar." *Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 834 (5th Cir.1983).

■ As to Palmer's assertion that no damages were requested in the earlier action, Palmer requested costs, attorney's fees and whatever further relief this court might find proper. Dennis was taxed with the costs of the earlier litigation but attorney's fees were not awarded. That Palmer chose not to pursue damages allegedly suffered as a result of Dennis's actions does not detract from the court's conclusion that res judicata bars Palmer's present claim. Palmer is simply attempting to now utilize the same basic facts presented in the earlier proceeding to recover damages from Dennis. Clearly, such recovery could have been sought in the prior case. Litigation such as this does not serve judicial economy. This second suit by Palmer illustrates precisely the sort of piecemeal litigation the res judicata doctrine is employed to prevent. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327, 99 S.Ct. 645, 649–50, 58 L.Ed.2d 552 (1979). In summary, Palmer's claim of interference with a contract and business relations is barred since it is a ground for recovery that could have been presented in the earlier suit.

Neither of Dennis's other contentions, that the cause of action is governed by Mississippi's one-year statute of limitations and that Palmer has failed to state a claim, need be addressed in light of the court's finding that res judicata is applicable.

Accordingly, it is ordered that Palmer's motion for partial summary judgment is denied and judgment is granted in favor of Dennis.

A separate judgment dismissing the action will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

---

**3.** Palmer also makes much of the fact that Dennis sold the "top leases" to the property for profit; the ownership of the "top leases" was not in question in the prior suit nor is it in this suit. Dennis owned the leases of the subject property from the surface to 5700 feet.