Unified Judicial System

 

 
 Formatting provided courtesy of State Bar of South Dakota
and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501-2596 
NORTHERN STATES POWER COMPANY,
Appellee,
v.
SOUTH DAKOTA DEPARTMENT OF REVENUE,
Appellant.
[1998 SD 57]
South Dakota Supreme Court
Appeal from the Sixth Judicial Circuit, Hughes County, SD
Hon. Steven L. Zinter, Judge
#20319--Affirmed
Timothy M. Engel, May, Adam, Gerdes & Thompson, Pierre, SD
Attorneys for Appellee.
Jack C. Magee, Pierre, SD
Attorney for Appellant.
Considered on Briefs Apr 29, 1998; Opinion Filed Jun 3, 1998
KONENKAMP, Justice.
[Â¶1] In this appeal, we are asked to decide whether a refund of contractors' excise and use taxes under SDCL ch 10-45B, must also include interest. Because the statutes in effect at the time clearly required interest on these refunds, we conclude the circuit court ruled correctly in ordering the Department of Revenue to pay interest.
FACTS 
[Â¶2] On January 3, 1992, Northern States Power (NSP) filed a New Facilities Refund Application pursuant to SDCL 10-45B-6 for its Pathfinder Combustion Turbine Generator Project. NSP was eligible to claim a refund of part or all sales, use, and contractors' excise tax it paid. SDCL 10-45B-3 (now repealed). The Department of Revenue issued a permit for tax refund on January 8, 1992.
[Â¶3] NSP began paying taxes on the project in the second quarter of 1992. In November 1992, project expenditures exceeded $20,000,000, thus qualifying NSP for its first partial tax refund. On February 26, 1993, the Department refunded one-third of the taxes previously paid less the statutory 10% withholding. When project expenses exceeded $40,000,000 in August 1993, NSP became entitled to an additional refund. Accordingly, the Department refunded two-thirds of the taxes previously paid, less 10% withholding and less amounts earlier refunded. In August 1994, total expenditures exceeded $60,000,000, and the Department refunded 100% of the taxes previously paid, less 10% withholding and amounts previously refunded. After the project was completed and following NSP's timely request, the Department refunded the 10% withholdings from the previous refunds. The total amount refunded was $2,275,006.21, none of which included any interest.
[Â¶4] When the Department declined to pay interest on the amounts refunded, NSP requested a hearing. On a joint stipulation of facts, the hearing examiner issued a proposed decision directing the Department to pay interest on NSP's refunds. The Secretary of Revenue rejected the hearing examiner's decision and held that NSP was not entitled to interest because it was only due on overpayments. On appeal, the circuit court reversed. The Department now appeals asserting that the circuit court erred in holding that NSP was entitled to interest on refunds it received under SDCL ch 10-45B. Decisions by administrative agencies and circuit courts on statutory construction are fully reviewable. Petition of Famous Brands, Inc., 347 NW2d 882, 884 (SD 1984). Only when an agency is given express authority to interpret a statute will we give weight to the agency interpretation. Id.
ANALYSIS AND DECISION 
[Â¶5] As the statutes read at the time, SDCL ch 10-45B authorized refunds on contractors' excise tax or use tax paid on the construction of new or expanded facilities having a threshold dollar value of $20,000,000.(fn1) See SDCL 10-45B-4 (also requiring applicant for refund to obtain permit).

Any person may apply for and obtain a refund or credit for contractors' excise taxes imposed and paid under the provisions of chapter 10-46A for the construction of a new or expanded facility used or to be used by such person to engage in the business of a manufacturer and for sales or use taxes imposed and paid by such person under the provisions of chapters 10-45 and 10-46 for the purchase or use of production equipment.
SDCL 10-45B-2.
[Â¶6] On receipt of a claim, the Secretary of Revenue determines the amount, if any, of the refund. SDCL 10-45B-8. Following review of the project costs and expenditures to date

The amount of the tax refund shall be a percentage of the taxes paid, calculated as follows: If the project cost exceeds twenty million dollars but is less than thirty million dollars, the refund shall be thirty-three and one-third percent of the taxes attributed to the project cost; if the project cost exceeds thirty million dollars but is less than forty million dollars, the refund shall be sixty-six and two-thirds percent of the taxes attributed to the project cost; if the project cost exceeds forty million dollars, the refund shall be one hundred percent of the taxes attributed to the project cost.
SDCL 10-45B-5. If a refund is due, ninety percent is paid to the taxpayer, while the remainder is withheld until the project is completed. SDCL 10-45B-8 & -9. Refunds under SDCL ch 10-45B are paid according to the procedural guidelines set forth in SDCL 10-59-22 and 10-59-23. SDCL 10-45B-8.
[Â¶7] SDCL ch 10-45B contains no express provision for interest on refunds of contractors' excise tax and use tax. In 1986, before the enactment of SDCL ch 10-45B, the Legislature adopted SDCL ch 10-59, entitled "Uniform Administration of State Taxes." 1986 SD Sess Laws, ch 111. SDCL ch 10-45B became effective in 1991. In enacting SDCL ch 10-45B, the Legislature amended SDCL 10-59-1 to expressly make ch 10-59 applicable to the refund provisions of ch 10-45B. 1991 SD Sess Laws, ch 105, Â§12.

The provisions of this chapter apply to any taxes or fees or persons subject to taxes or fees imposed by chapters 10-39, 10-39A, 10-39B, 10-43, 10-45, 10-46, 10-46A, 10-46B, 10-47B, 10-52, 10-60, 32-3, 32-5, 32-5B, 32-9, 32-10, and 34A-13 and 22-25-48, 50-4-13 to 50-4-17, inclusive, and the provisions of chapter 10-45B.
SDCL 10-59-1 (emphasis added).
[Â¶8] SDCL 10-59-24 specifically provides for payment of interest on credits and refunds paid to a taxpayer.

A recovery credit or a recovery refund shall include interest at the same rate the taxpayer would be charged, except a recover of an overpayment, resulting from a taxpayer's error, may not include interest.
(emphasis added). "When 'shall' is the operative verb in a statute, it is given 'obligatory or mandatory' meaning." Fritz v. Howard Twp., 1997 SD 122, Â¶15, 570 NW2d 240, 242 (citations omitted). Statutory "words and phrases ... must be given their plain meaning and effect." In re AT&T Information Systems, 405 NW2d 24, 27 (SD 1987). "When the language of a statute is clear, certain, and unambiguous, there is no reason for construction, and [this Court's] only function is to declare the meaning of the statute as clearly expressed." Petition of Famous Brands, Inc., 347 NW2d at 885.
[Â¶9] The Department relies upon the Legislature's failure to mention the obligatory payment of interest provided by SDCL 10-59-24 in the language of SDCL 10-45B-8, and draws our attention to the words "refund shall be paid to the claimant in accordance with Â§Â§10-59-22 and 10-59-23." From our review of SDCL 10-59-22 and 23, it is clear both statutes simply state the procedural context by which a tax overpayment is calculated and a refund paid out. When considered with SDCL 10-59-1, the express mention of SDCL 10-59-22 and 10-59-23 in SDCL 10-45B-8 does not imply the exclusion of SDCL 10-59-24 or any other section of ch 10-59. It is noteworthy also that the Legislature has since amended SDCL 10-45B-8 to specifically prohibit the payment of interest. See SL 1997, ch 70, Â§7.
[Â¶10] The Department next contends that if we decide interest accrues on refunds paid pursuant to SDCL ch 10-45B, NSP is not entitled to interest here because all its refund requests were timely paid. The general provisions of SDCL 10-59-24 make no distinction based on refunds timely processed. Instead, it simply states in relevant part that "a recovery refund shall include interest ... ." From the broad terms the Legislature used in enacting SDCL 10-59-24, it is evident that interest must be paid on these tax refunds. Any other interpretation would contradict the plain language of the statute. "[W]e are bound to construe statutes according to their intent, and intent must be determined from the statutes as a whole, as well as enactments relating to the same subject." Whalen v. Whalen, 490 NW2d 276, 280 (SD 1992) (citations omitted).
[Â¶11] Finally, NSP petitions this Court for an award of its costs and attorney fees under SDCL 10-59-34, which provides:

If a court determines that the losing party has taken a position in an audit, hearing or appeal that was not substantially justified, the losing party shall reimburse the other party for all court costs and attorney fees associated with the hearing or appeal. The department's reimbursable costs are limited to nonemployee costs.
Although we have not had the opportunity to interpret the requirements imposed by this statute, other courts have determined that for a losing party's position to be substantially justified the matter asserted: (1) must be based in truth; (2) the theory propounded must have a reasonable legal basis; and (3) the facts alleged and the legal theory advanced must be reasonably connected. Stern v. Wisconsin Dept. of Health & Family Services, 569 NW2d 79, 82 (WisCtApp 1997); Division of Transp. v. Sure-Way Transp., Inc., 948 SW2d 651, 655 (MoCtApp 1997); Lennane v. Franchise Tax Bd., 59 CalRptr2d 602, 607 (CalCtApp 1996) (substantially justified means not necessarily a prevailing argument but one justified to a degree that would satisfy a reasonable person or one having a reasonable basis both in law and in fact). See also Pierce v. Underwood, 487 US 552, 566 n2, 108 SCt 2541, 2550 n2, 101 LEd2d 490 (1988) ("[A] position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."). "Neither losing the case nor advancing a novel but credible interpretation of the law constitutes grounds for finding a position lacking in substantial justification." Stern, 569 NW2d at 82 (citing Sheely v. DHSS, 442 NW2d 1, 9 (Wis 1989)); Schmitt Furniture Co., Inc., v. Commonwealth, 722 SW2d 889, 891 (Ky 1987).
[Â¶12] The burden rests on the party seeking attorney fees to show a position was not substantially justified. Lennane, 59 CalRptr2d at 607. NSP, in its Motion for Award of Costs and Attorney Fees, refers to the points raised in its appellate brief, but suggests no framework for deciding how the Department's position was not substantially justified. Based upon our evaluation, the interest question being a matter of first impression before this Court, we conclude the Department's argument had some plausible basis in fact and law, thus we are hard pressed to declare it not substantially justified. See De Allende v. Baker, 891 F2d 7, 12-13 (1stCir 1989); McHenry v. Nebraska Liquor Control Com'n, 555 NW2d 350, 353 (NebCtApp 1996) (issue one of first impression). Attorney fees and costs are denied.
[Â¶13] Affirmed.
[Â¶14] MILLER, Chief Justice, and SABERS, AMUNDSON, and GILBERTSON, Justices, concur.
Footnotes
1.  The statute has since been amended to include only "new construction of agricultural processing facilit[ies]." 1997 SD Sess Laws, ch 70, Â§2. Unless otherwise noted, all references are made to the statutes as they read on January 3, 1992, the date NSP filed its New Facilities Refund Application with the Department.