#25095-aff in pt & rev in pt-JKK

**2010 SD 35**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

JAMES W. FARMER, f/d/b/a
J.W. FARMER & ASSOCIATES, INC.,                    Plaintiff and Appellee,

    v.

SOUTH DAKOTA DEPARTMENT
OF REVENUE AND REGULATION,                    Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE KATHLEEN F. TRANDAHL
Judge

\* \* \* \*

SARAH BARON HOUY
MICHAEL M. HICKEY of
Bangs, McCullen, Butler,
  Foye and Simmons, LLP                    Attorneys for plaintiff
Rapid City, South Dakota                    and appellee.

MATTHEW R. FONDER
South Dakota Department of
Revenue and Regulation                    Attorneys for defendant
Pierre, South Dakota                    and appellant.

\* \* \* \*

ARGUED ON AUGUST 25, 2009

OPINION FILED **04/21/10**

KONENKAMP, Justice

[¶1.]        Under South Dakota law, when a jeopardy assessment for unpaid

sales tax is made and a lien for such tax is filed with the county, if the taxpayer

fails to contest the assessment through an administrative appeal, the lien becomes

final.  In 1982, the South Dakota Department of Revenue and Regulation imposed a

tax lien against a taxpayer for certain unpaid sales tax in Pennington County,

South Dakota.  In 1985, the Department brought suit against the taxpayer for his

tax obligation.  The suit was later dismissed under SDCL 15-6-41(b) for the

Department's failure to timely prosecute the action.  In 2006, the taxpayer sought to

purchase real estate in Pennington County and a title search revealed the 1982 lien.

When the Department refused to release the lien, the taxpayer brought a

declaratory judgment action seeking to have the lien declared null and void based

on the doctrine of res judicata.  The circuit court entered a judgment in favor of the

taxpayer and ordered the lien released.  The court also awarded the taxpayer

attorney's fees, concluding that the position taken by the Department was not

substantially justified.  On appeal, we affirm in part and reverse in part.

### Background

[¶2.]        In August 1982, the Department concluded its audit of James Farmer,

d/b/a J.W. Farmer & Associates, Inc.  From January 1979 through March 1982,

Farmer had allegedly failed to pay sales and use tax.  A notice of jeopardy

assessment was issued for $11,368.41.  *See* SDCL 10-45-37 (repealed).[1]  Farmer was

_____

1.        In 1982, SDCL 10-45-37 provided, in relevant part:

                                                                                                    (continued . . .)

sent notice of this assessment by certified mail. The Department then issued a notice of tax lien, and on September 1, 1982, a tax lien for $11,452.41 was filed against Farmer with the Pennington County Register of Deeds. *See* SDCL 10-45-37; SDCL 10-45-39 (repealed).[2] Farmer did not appeal the jeopardy assessment or the imposition of the lien. *See* SDCL 10-45-35.

[¶3.]    Three years later, in April 1985, a contract attorney for the Department brought suit against Farmer seeking a judgment for $8,997.44, plus penalty and interest. The complaint alleged that Farmer was indebted to the Department for delinquent sales tax due and owing between January 1979 and June 1982. In May 1990, after five years of Department inaction, Farmer moved the circuit court to dismiss under SDCL 15-6-41(b) for failure to timely prosecute

---

(. . . continued)

> If the secretary of revenue believes that the assessment of collection of taxes will be jeopardized by delay, he may immediately make an assessment of the estimated tax and penalty, and demand payment thereof from the taxpayer. If such payment is not made, a lien may be filed and a distress warrant issued. . . .

2.    Under SDCL 10-45-39 (1982)

> Any tax or penalty due the state from a taxpayer shall be a lien in favor of the state of South Dakota on all property and rights to property, whether real or personal, belonging to the taxpayer. In order to preserve the lien against subsequent mortgages, purchasers, or judgment creditors for value and without notice of the lien, on any property situated in a county, the secretary of revenue may file with the register of deeds of the county, in which the property is located, a notice of said lien in such form as he shall elect.

> SDCL 10-45-39 was repealed in 1986. SDCL 10-59-11 was enacted in 1986, and is substantially similar to the repealed SDCL 10-45-39.

the case.  The court granted Farmer's motion and entered an order of dismissal on June 19, 1991.  There was no appeal.

[¶4.]          In July 2006, Farmer sought to purchase real estate in Pennington County.  A title search showed the Department's 1982 tax lien.  The Department refused to release the lien unless Farmer paid the face value.  He declined.  Farmer brought a declaratory judgment action against the Department averring that the lien was extinguished when the circuit court dismissed the Department's 1985 action against him.  He sought release of the tax lien and satisfaction of the jeopardy assessment.  He also requested attorney's fees on the ground that the position taken by the Department in refusing to release the lien was not substantially justified.  *See* SDCL 10-59-34.[3]

[¶5.]          Farmer argued that the doctrine of res judicata prevented the Department from relitigating whether the lien was valid and enforceable, since the circuit court's dismissal of the Department's 1985 civil action rendered the lien null and void.  While the Department conceded that Farmer's unpaid sales tax was the subject of both the lien and the 1985 civil action, it insisted that the dismissal of the 1985 action did not implicate res judicata against any other action to enforce the lien against Farmer.  In particular, the Department claimed that despite the dismissal of its civil action the Department could still maintain its distress warrant

---

3.     SDCL 10-59-34 provides:

> If a court determines that the losing party has taken a position in an audit, hearing or appeal that was not substantially justified, the losing party shall reimburse the other party for all court costs and attorney fees associated with the hearing or appeal.  The department's reimbursable costs are limited to nonemployee costs.

against Farmer for his unpaid taxes. The Department also argued that because Farmer failed to contest the jeopardy assessment through an administrative appeal, he could not now challenge the validity of the lien.

[¶6.] Concluding that res judicata prevented the Department from enforcing its lien against Farmer, the circuit court issued findings of fact and conclusions of law and a judgment granting Farmer's requested relief. The court further ruled that the position taken by the Department in refusing to release the lien was not substantially justified, and therefore, awarded attorney's fees against the Department. On appeal, the Department asserts that the court erred when it ruled the lien null and void and abused its discretion in awarding Farmer attorney's fees.[4]

## Analysis and Decision

[¶7.] Both parties assert that res judicata applies. For its part, the Department contends that res judicata prevents Farmer from contesting the validity of the lien because he failed to timely challenge the 1982 tax assessment. Farmer, on the other hand, claims res judicata prevents the Department from enforcing its lien because the Department's 1985 civil action (seeking essentially the same taxes) was dismissed on its merits. "The doctrine of res judicata disallows reconsidering an issue that was actually litigated or that could have been raised

---

4. Standard of review: a decision on the question of res judicata is reviewed de novo. *In re* L.S., 2006 SD 76, ¶21, 721 NW2d 83, 89 (citation omitted). An award of attorney's fees and costs is ordinarily reviewed for an abuse of discretion. Midcom, Inc. v. Oehlerking, 2006 SD 87, ¶23, 722 NW2d 722, 728 (citing Crisman v. Determan Chiropractic, Inc., 2004 SD 103, ¶24, 687 NW2d 507, 513 (citations omitted)).

and decided in a prior action." Ramos v. Weber, 2000 SD 111, ¶8, 616 NW2d 88, 91 (citing SDDS, Inc. v. State, 1997 SD 114, ¶16, 569 NW2d 289, 295 (quoting Hogg v. Siebrecht, 464 NW2d 209, 211 (SD 1990))). When examining whether the doctrine applies, "a court should construe the doctrine liberally, unrestricted by technicalities." L.S., 2006 SD 76, ¶22, 721 NW2d at 90. "However, because the doctrine bars any subsequent litigation, it should not be used to defeat the ends of justice." Id.

[¶8.] This appeal presents a case of conflicting finalities: an uncontested tax lien in favor of the Department and a final judgment on the merits against the Department. Both outcomes cover the same delinquent taxes. Farmer concedes that he failed to timely challenge the assessment and lien, which would ordinarily mean that the lien remains valid and enforceable. The Department acknowledges that when it failed to timely prosecute its civil collection action for the same delinquent taxes, the case was dismissed under SDCL 15-6-41(b). A dismissal under SDCL 15-6-41(b) is an adjudication on the merits, and is therefore, in effect, a ruling that the taxes imposed against Farmer by the State were invalid. So to which finality, if either, will res judicata apply?

[¶9.] "For a claim to be barred by res judicata, the claim need not have been actually litigated at an earlier time. Rather, the parties only need to have been provided 'a fair opportunity to place their claims in the prior litigation.'" Mack v. Trautner, 2009 SD 13, ¶15, 763 NW2d 121, 124 (emphasis omitted) (quoting Black Hills Jewelry Mfg. Co. v. Felco Jewel Indus., Inc., 336 NW2d 153, 157 (SD 1983)). Res judicata is implicated when four elements are present:

(1) a final judgment on the merits in an earlier action; (2) the question decided in the former action is the same as the one decided in the present action; (3) the parties are the same; and (4) there was a full and fair opportunity to litigate the issues in the prior proceeding.

*L.S.*, 2006 SD 76, ¶22, 721 NW2d at 89-90 (citing Moe v. Moe, 496 NW2d 593, 595 (SD 1993) (citation omitted)).  Here, the parties do not dispute the existence of the third element, or that the dismissal of the 1985 action was a final judgment on the merits.  The parties differ, however, on whether the question in the 1985 action was the same question to be decided in the present action.  The Department also disputes that it had a full and fair opportunity to litigate the issue of the present action in the 1985 action.

[¶10.]       When examining whether the question in one action was the same as in a subsequent action, our review is not restricted to whether the specific question posed by the parties in both actions was the same or whether the legal question posed by the nature of the suit was the same.  *See* Equity Resources Mgmt., Inc. v. Vinson, 723 So2d 634, 637-38 (Ala 1998) (citation omitted).  Rather, we review whether the claims asserted in both suits arose out of a single dispute and whether one claim has been brought to a final judgment on the merits.  *Id.* at 638; Lewton v. McCauley, 460 NW2d 728, 731 (SD 1990) ("it is the underlying facts which give rise to the cause of action that must determine the propriety or necessity of presenting a specific issue within the prior proceedings"); *see also* Yankton Sioux Tribe v. U.S. Dept. of Health and Human Services, 533 F3d 634, 641 (8thCir 2008) (doctrine applies when the claims arise out of the same operative facts); Silcox v. United Trucking Serv., Inc., 687 F2d 848, 852 (6thCir 1982); Palmer Exploration, Inc. v.

Dennis, 759 FSupp 332, 335 (SDMiss 1991); Eichman v. Fotomat Corp., 197 CalRptr 612, 614 (CalCtApp 1983). If the claims arose out of a single act or dispute and one claim has been brought to a final judgment, then all other claims arising out of that same act or dispute are barred. *Equity Resources Mgmt., Inc.*, 723 So2d at 638. This is true regardless of whether there were different legal theories asserted or different forms of relief requested in a subsequent action. *Id.*; *see also Moe,* 496 NW2d at 595 (the final judgment "'is conclusive as to all rights, questions, or facts directly involved and actually, or by necessary implication, determined therein'") (citation omitted).

[¶11.] The Department's 1985 civil action asserted that Farmer was indebted to the State for $8,997.44, plus penalty and interest, based on the fact that Farmer failed to pay his taxes and penalties from January 1979 through June 1982. The Department's lien against Farmer was based on the same tax obligation — Farmer's failure to pay taxes from January 1979 through March 1982. While the 1985 action did not specifically place in dispute the validity of the lien, the Department's claim against Farmer in the 1985 action and its lien arose "out of a single wrongful act" — failure to pay taxes from January 1979 through March 1982.[5]

---

5. The 1985 action alleges that Farmer owed unpaid taxes for the periods of January 1979 through June 1982. The lien, however, only covers January 1979 through March 1982. Because March is earlier than June and this case is about the enforceability of the *lien* the fact the judgment action sought unpaid taxes after March is immaterial.

[¶12.]		Because both actions were based on a single act — failure to pay taxes — we must next determine whether one of the Department's claims on that single act has been brought to a final judgment on the merits. The 1985 civil action was dismissed under SDCL 15-6-41(b), which operated as an adjudication on the merits. At issue in the 1985 action was whether Farmer was indebted to the State for delinquent sales tax due and owing from January 1979 through June 1982. This issue was decided against the Department when the case was dismissed.[6] The Department did not appeal the dismissal. Therefore, under the 1985 judgment, Farmer is not indebted to the State for delinquent sales tax during the stated time period. That he is not indebted to the State means that the taxes he is alleged to owe, which formed the basis of the lien, are not owing. With no valid tax obligation due and owing from January 1979 to at least March 1982, there is nothing for the Department to collect against Farmer. As for whether the uncontested tax lien was a final adjudication implicating res judicata, the Department could have raised this point in the 1985 civil action, and may well have prevailed, but instead it allowed the case to be dismissed on the merits, thus creating contradictory determinations on whether the tax was due.

[¶13.]		At this point, we are left to examine the two actions to determine whether the claims asserted were the same, and whether there was a final

---

6.	Farmer argues that this dismissal effectively extinguished the lien under SDCL 44-5-1 as an accessory obligation. However, SDCL 44-5-1 does not deal specifically with tax liens, whereas SDCL 10-59-30 is the only statute dealing with the extinguishment of a tax lien, and, in the 1985 action, the circuit court made no decision on the lien.

adjudication on the merits in a prior action. As we stated, the claim asserted in the first action (that Farmer is indebted to the State based on his failure to remit tax during a certain time period) was the same as the Department's claim that the lien was valid and enforceable. The lien exists because Farmer failed to pay his taxes for a certain time period. Because the Department had a full and fair opportunity to litigate the validity of Farmer's tax obligation in the 1985 action, res judicata applies.[7] The circuit court did not err when it declared the lien null and void and ordered the Department to release and remove the tax lien against Farmer.

[¶14.] The Department contends that the circuit court abused its discretion when it imposed attorney's fees under SDCL 10-59-34, first, because Farmer's action against the Department was not an "audit, hearing, or appeal," and second, because the position taken by the Department in refusing to extinguish the lien was substantially justified. SDCL 10-59-34 allows a court to impose attorney's fees and court costs against a losing party when that party "has taken a position in an audit, hearing or appeal that was not substantially justified[.]"

[¶15.] According to the Department, Farmer's declaratory judgment action is not the type of "hearing" contemplated by SDCL 10-59-34, but is instead controlled by SDCL ch. 21-24. SDCL 10-59-1 declares that the provisions of SDCL ch. 10-59

> apply to any taxes or fees or *persons subject to taxes or fees imposed* by, and to any civil or criminal investigation authorized

---

7. The Department contends that because the circuit court, in dismissing the 1985 action, did not declare that the taxes were no longer owed to the State, Farmer's tax obligation still exists. This argument fails to recognize that a dismissal under SDCL 15-6-41(b) is a dismissal on the merits. When the court dismissed the 1985 action, the Department's claim that Farmer owed the State past due taxes was decided against the Department.

-9-

> by, chapters 10-39, 10-39A, 10-39B, 10-43, 10-45, 10-45D, 10-46,
> 10-46A, 10-46B, 10-46C, 10-46E, 10-47B, 10-52, 10-52A, 32-3,
> 32-3A, 32-5, 32-5B, 32-6B, 32-9, 32-10, and 34A-13 and §§ 22-25-
> 48, 49-31-51, 50-4-13 to 50-4-17, inclusive, and the provisions of
> chapter 10-45B.

(Emphasis added.) Farmer was a person subject to taxes and fees imposed by SDCL ch. 10-45. Therefore, if the Department took a position that was substantially unjustified in Farmer's hearing challenging those taxes and fees, the court may award Farmer attorney's fees and costs.

[¶16.] We next examine whether the court abused its discretion when it awarded Farmer attorney's fees under SDCL 10-59-34. In *Northern States Power Co. v. SD Dept. of Rev.*, this Court examined what is meant by the use of the terms "substantially justified." 1998 SD 57, ¶11, 578 NW2d 579, 582. There, we relied on other courts' interpretations and declared that a position is substantially justified if (1) the position taken "is based in truth;" (2) "the theory pronounced" has "a reasonable legal basis; and (3) the facts alleged and the legal theory advanced" are "reasonably connected." *Id.* (citing Lennane v. Franchise Tax Bd., 59 CalRptr2d 602, 607 (CalCtApp 1996); Division of Transp. v. Sure-Way Transp., Inc., 948 SW2d 651, 655 (MoCtApp 1997); Stern v. Wisconsin Dept. of Health & Family Services, 569 NW2d 79, 82 (WisCtApp 1997)). "'Neither losing the case nor advancing a novel but credible interpretation of the law constitutes grounds for finding a position lacking in substantial justification.'" *Id.* (quoting *Stern*, 569 NW2d at 82) (additional citations omitted).

[¶17.] In awarding Farmer his attorney's fees, the court did not explain why the position taken by the Department in refusing to satisfy and release the

assessment and lien was unreasonable and not substantially justified. Nonetheless, because the Department did not propose findings of fact or conclusions of law, our review is limited to whether the court's findings support its conclusions. *See* Baier v. Dean Kurtz Const., Inc., 2009 SD 7, ¶18, 761 NW2d 601, 606 (citing Canyon Lake Park, L.L.C. v. Loftus Dental, P.C., 2005 SD 82, ¶11, 700 NW2d 729, 733 (quoting Premier Bank, N.A. v. Mahoney, 520 NW2d 894, 895 (SD 1994) (quoting Huth v. Hoffman, 464 NW2d 637, 638 (SD 1991)))).

[¶18.] While the Department was the losing party, and remains so in this appeal, the position taken by the Department, that the lien was valid and enforceable, (1) was based in truth, (2) was accompanied with a theory that had a legal basis, and (3) was premised on facts and a legal theory that were reasonably connected. There were no findings of fact by the court to indicate otherwise. In fact, the two conflicting results — dismissal of the 1985 action for the Department's failure to prosecute and Farmer's failure to challenge the assessment — reinforce our conclusion that the Department's position in refusing to release the lien was not unreasonable and was justified.

[¶19.] Considering that South Dakota law provides the Department with alternative means to recoup unpaid taxes, we believe the Department was justified in asserting that although it could not bring a second civil action against Farmer, it could nonetheless persist with its jeopardy assessment and tax lien. *See* SDCL 10-45-37. Under South Dakota law, a lien is released only when the tax and penalty has been received. *See* SDCL 10-45-43 (repealed); SDCL 10-59-30 (a lien shall be released "upon payment of all tax, penalty, and interest within thirty days of

payment"). Simply because the circuit court dismissed the Department's 1985 civil action does not mean the Department was unjustified in continuing to assert the validity of its lien. This is a legal question we have never before addressed. Thus, although it did not prevail, the Department's position was substantially justified. Based on our review of the court's findings, we conclude that the court abused its discretion when it awarded Farmer attorney's fees. The court's award of attorney's fees and costs to Farmer is reversed. For the same reason, Farmer's request for appellate attorney's fees is denied.

[¶20.]     Affirmed in part, and reversed in part.

[¶21.]     GILBERTSON, Chief Justice, and MEIERHENRY and SEVERSON, Justices, concur.

[¶22.]     ZINTER, Justice, concurs in part and concurs in result in part.


ZINTER, Justice (concurring in part and concurring in result in part).

[¶23.]     I join the Court's opinion on the invalidity of the tax lien. With respect to attorney fees, I disagree that SDCL ch 10-59 authorizes attorney fees incurred in collateral declaratory judgment actions under SDCL ch 21-24. *See supra* ¶ 15. Because the Court disallows fees for other reasons, I concur in result on that issue.

[¶24.]     South Dakota follows the American Rule under which "parties to litigation are required to pay their own attorney's fees, absent an agreement, statute, or rule to the contrary." Pub. Entity Pool for Liab. v. Score, 2003 SD 17, ¶ 7, 658 NW2d 64, 68. Farmer sought declaratory relief in this action under SDCL ch 21-24, South Dakota's Declaratory Judgment Act. This Court has definitively

determined that "[n]o provision in South Dakota's Declaratory Judgment Act allows for an award of attorney fees to the prevailing party." *Id.* ¶ 8, 658 NW2d at 68. Nevertheless, the Court reasons that because Farmer is a "person subject to taxes and fees imposed by SDCL ch 10-45 [sales tax,]" SDCL 10-59-1 and 10-59-34 authorize the recovery of attorney fees in a declaratory action. *See supra* ¶ 15.

[¶25.] I agree that the administrative remedies in SDCL ch 10-59 apply to Farmer because this case involves sales taxes imposed under SDCL ch 10-45. As the Court correctly observes, SDCL 10-59-1 provides that the provisions of SDCL ch 10-59 apply to persons subject to sales tax under SDCL ch 10-45. The question, however, is whether the rights and remedies afforded in SDCL 10-59-34 include an award of attorney fees in a declaratory judgment action that was *not* brought under SDCL ch 10-59. The Court does not answer that question,[8] even though it should be answered before determining whether the State's position was substantially unjustified. *See Score,* 2003 SD 17, ¶ 12, 658 NW2d at 70 (concluding that where a statute authorizing fees is inapplicable, there is no need to decide whether the offending party's actions warranted an award of attorney fees).

[¶26.] SDCL 10-59-34 only authorizes the recovery of attorney fees if the losing party has taken a substantially unjustified position in an "audit, hearing, or

---

8.      The Court's analysis is premised solely on the language in SDCL 10-59-1 providing that "the *provisions of SDCL ch 10-59* apply to . . . persons subject to [sales] tax []." *See supra* ¶ 15 (emphasis added). The Court, however, never discusses the dispositive question whether the language of the specific statute governing fees in SDCL ch 10-59 (SDCL 10-59-34) is broad enough to authorize an award of attorney fees in a collateral declaratory judgment action.

appeal," and then, the fees are limited to the "fees associated with the *hearing or appeal*." (emphasis added.) Because this case did not involve an audit, we must determine whether a declaratory action under SDCL ch 21-24 is the type of "hearing or appeal" in which SDCL 10-59-34 authorizes attorney fees. The text of SDCL ch 10-59 and SDCL 10-59-34 reflect that a collateral declaratory judgment action is not the type of hearing or appeal in which attorney fees are authorized under SDCL 10-59-34.

[¶27.]     SDCL ch 10-59 governs the administrative collection, contest, and refund of taxes under the jurisdiction of the Department. No provision in this chapter contemplates declaratory relief in circuit court. On the contrary, SDCL ch 10-59 only authorizes administrative remedies. Those remedies include investigations, audits, assessments, distress warrants; and as relevant in this case, "contested case hearings" before the Secretary of Revenue and direct "appeals" from contested case hearings under the Administrative Procedures Act, SDCL ch 1-26 and ch 1-26D.[9] Consequently, it seems clear that the "hearings and appeals" referred to in SDCL 10-59-34 are limited to those administrative hearings and appeals conducted pursuant to SDCL chs 1-26 and 1-26D. After all, the only provisions of SDCL ch 10-59 that authorize any "hearings and appeals" are: SDCL §§10-59-9 (authorizing "hearings and . . . [direct] appeals [to circuit court] taken pursuant to the provisions of chapters 1-26 and 1-26D"); 10-59-22.1 (providing that taxpayers may request a "contested case hearing before the secretary," and any

---

9.     SDCL ch 10-59 also authorizes collection actions, but only by the Department. *See* SDCL 10-59-15.

such hearing and appeal shall be conducted "pursuant to the provisions of chapters 1-26 and 1-26D"); and 10-59-26 (authorizing "appeals before an impartial hearing examiner"). All of these references to "hearings and appeals" in SDCL ch 10-59 reflect that this collateral action for declaratory relief, not commenced under SDCL ch 10-59, is not the type of SDCL ch 1-26 "hearing or appeal" in which attorney fees are authorized by SDCL 10-59-34.

[¶28.]    Because this action for declaratory relief collaterally attacking the validity of a tax lien was not the type of "hearing or appeal" contemplated by SDCL 10-59-34, that statute did not authorize an award of attorney fees in this case. Consequently, as previously noted in an analogous case, "there is no need to decide whether the [offending party's] actions [warranted an attorney fee award]." *Score*, 2003 SD 17, ¶ 12, 658 NW2d at 70.