#25894-r-GAS

**2012 S.D. 11**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

LOREN POURIER d/b/a MUDDY CREEK
OIL AND GAS, INC. and MUDDY
CREEK OIL AND GAS, INC.,                    Claimants and Appellees,

v.

SOUTH DAKOTA DEPARTMENT OF
REVENUE AND REGULATION,                    Respondent and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JOHN L. BROWN
Judge

* * * *

VANYA S. HOGEN
JESSICA INTERMILL of
Jacobson, Buffalo, Magnuson,
  Anderson & Hogen, P.C.
St. Paul, Minnesota                    Attorneys for claimants
                                       and appellees.

MARTY J. JACKLEY
Attorney General

JOHN P. GUHIN
Assistant Attorney General
Pierre, South Dakota                   Attorneys for respondent
                                       and appellant.

* * * *

ARGUED NOVEMBER 16, 2011

OPINION FILED **02/08/12**

#25894

SEVERSON, Justice

[¶1.] Loren Pourier, the owner of a corporation that operates a gas station on reservation land, brought an action against the South Dakota Department of Revenue and Regulation (Department) to protest a state motor-fuel tax imposed on the corporation. This Court held the fuel tax was illegal in *Pourier v. South Dakota Department of Revenue & Regulation* (*Pourier I*), 2003 S.D. 21, 658 N.W.2d 395. Pourier then filed a motion for costs and attorneys' fees pursuant to SDCL 10-59-34. The circuit court granted the motion. The Department appeals. We reverse.

## Background

[¶2.] Muddy Creek Oil and Gas, Inc. operates a retail gas station located on the Oglala Sioux Reservation. The sole owner of the company is Loren Pourier, an enrolled member of the Oglala Sioux Tribe. Beginning in 1995, the company paid a state tax on the motor fuel it imported into South Dakota. In *Pourier I,* we held that this fuel tax was illegal because the Hayden-Cartwright Act of 1936 does not contain express congressional authorization for states to tax Indians located on Indian reservations. 2003 S.D. 21, ¶ 16, 658 N.W.2d at 402. We also found that Muddy Creek's consumers bore the legal incidence of the tax. *Id.* ¶¶ 26-31. Thus, Muddy Creek was entitled to recover only the taxes it paid on fuel purchased for the company's own use. *Id.* ¶¶ 30-31. The case was reversed and remanded with instructions that the circuit court direct the Department to:

> 1) Determine the correct amount of the invalid tax (refund) that applies to purchases by Muddy Creek for its use on the reservation.
> 2) Determine, upon proper application, the correct amount of the invalid tax (refund) that applies to purchases by reservation Indian consumers.

- 1 -

3) Determine related questions, such as prejudgment interest.

*Id.* ¶ 38.

[¶3.] After *Pourier I* was handed down, we granted the Department's petition for rehearing on the question of the proper limitations period for refund applications. *Pourier v. S.D. Dep't of Revenue & Reg.* (*Pourier II*), 2004 S.D. 3, 674 N.W.2d 314. We held that a fifteen-month limitations period was applicable pursuant to SDCL 10-47B-141. *Id.* ¶¶ 7-8.

[¶4.] Pourier then filed a motion for leave to amend his claims to add a class of Oglala Sioux tribal-member-customer claimants. The circuit court remanded the case to the Department. It was later submitted to the Office of Hearing Examiners. A hearing examiner issued a proposed decision in which it found that South Dakota had not waived its sovereign immunity for a class-action-refund lawsuit. The Secretary of the Department adopted the proposed decision of the Office of Hearing Examiners and issued a final decision denying Pourier's motion for leave to amend. On appeal, the circuit court affirmed the decision of the Department. Pourier then appealed the matter to this Court. In *Pourier v. South Dakota Department of Revenue & Regulation* (*Pourier III*), 2010 S.D. 10, 778 N.W.2d 602, we affirmed the ruling of the circuit court.

[¶5.] On March 11, 2010, Pourier filed a motion for costs and attorneys' fees pursuant to SDCL 10-59-34, which provides that if a losing party "has taken a position in an audit, hearing or appeal that was not substantially justified, the losing party shall reimburse the other party for all court costs and attorney fees associated with the hearing or appeal." The Department filed an objection to

Pourier's motion on March 25, 2010. The matter was heard before the circuit court on April 16, 2010.

[¶6.] The circuit court determined that the main issue in the *Pourier* litigation was whether the Hayden-Cartwright Act authorized the imposition of the motor-fuel tax on Indians located on Indian reservations. The circuit court went on to find that the Department was the losing party in the *Pourier* litigation and that the position the Department took was not substantially justified. Thus, pursuant to SDCL 10-59-34, the circuit court ordered the Department to pay $28,006.67 in Pourier's costs and attorneys' fees.

**Decision**

[¶7.] SDCL 10-59-34 provides, "[i]f a court determines that the losing party has taken a position in an audit, hearing or appeal that was not substantially justified, the losing party shall reimburse the other party for all court costs and attorney fees associated with the hearing or appeal." The Department contends that the position it took in the *Pourier* litigation was "substantially justified" under SDCL 10-59-34 and that the circuit court erred in ordering the Department to pay Pourier's costs and attorneys' fees. Ordinarily, we review an award of costs attorneys' fees for an abuse of discretion. *Farmer v. S.D. Dep't of Revenue & Reg.*, 2010 S.D. 35, ¶ 6 n.4, 781 N.W.2d 655, 659 n.4 (citing *Midcom, Inc. v. Oehlerking*, 2006 S.D. 87, ¶ 23, 722 N.W.2d 722, 728). However, the circuit court's interpretation of the term "substantially justified" under SDCL 10-59-34 involves a question of law. We review questions of law de novo. *First Lady, LLC v. JMF Prop.*

*LLC*, 2004 S.D. 69, ¶ 5, 681 N.W.2d 94, 96 (citing *Esling v. Krambeck*, 2003 S.D. 59, ¶ 6, 663 N.W.2d 671, 675).

[¶8.]     We have held that a position is substantially justified under SDCL 10-59-34 "if (1) the position taken 'is based in truth;' (2) 'the theory pronounced' has 'a reasonable legal basis; and (3) the facts alleged and the legal theory advanced' are 'reasonably connected.'" *Farmer*, 2010 S.D. 35, ¶ 16, 781 N.W.2d at 662 (quoting *N. States Power Co. v. S.D. Dep't of Revenue & Reg.,* 1998 S.D. 57, ¶ 11, 578 N.W.2d 579, 582). "The burden rests on the party seeking attorney fees to show a position was not substantially justified." *N. States Power Co.*, 1998 S.D. 57, ¶ 12, 578 N.W.2d at 582 (citing *Lennane v. Franchise Tax Bd.,* 59 Cal. Rptr. 2d 602, 607 (Cal. Ct. App. 1st Dist. 1996)). "Neither losing the case nor advancing a novel but credible interpretation of the law constitutes grounds for finding a position lacking in substantial justification." *Id.* ¶ 11 (quoting *Stern v. Wis. Dept. of Health & Family Servs.,* 569 N.W.2d 79, 82 (Wis. Ct. App. 1997)).

[¶9.]     **1.     Whether the Department's position was "based in truth."**

[¶10.]     The circuit court found the Department's position that the Hayden-Cartwright Act authorized the imposition of the motor-fuel tax on Indians located in Indian country was not "based in truth" because the Department began imposing the motor-fuel tax statewide 13 years before the enactment of the Hayden-Cartwright Act in 1936. In addition, Alana Gourneau, the Department's motor-fuel-tax specialist, testified that the Hayden-Cartwright Act "[didn't] have anything to do with how [the Department] . . . administer[ed] [the motor-fuel] tax." The

Department argues that this evidence does not support the circuit court's finding that the Department's position was not "based in truth." We agree.

[¶11.] At the time the Department began imposing the motor-fuel tax upon Pourier, the Hayden-Cartwright Act was already in effect. The fact that the Department imposed the motor-fuel tax statewide prior to the enactment of the Hayden-Cartwright Act is irrelevant to determining whether the position the Department took in the *Pourier* litigation was "based in truth."\* Gourneau's subjective beliefs regarding the application of the Hayden-Cartwright Act are also irrelevant. The "based in truth" prong of the test requires inquiry into the truthfulness of facts represented to the court. There has been no allegation that the facts underlying the Department's position in the *Pourier* litigation were false. We thus hold Pourier failed to meet his burden of showing the Department's position was not "based in truth," and the circuit court abused its discretion in finding otherwise.

[¶12.] **2. Whether the theory pronounced by the Department had a reasonable legal basis.**

[¶13.] The circuit court found the Department's position did not have a reasonable legal basis. In support of its finding, the circuit court cited *Oklahoma Tax Commission v. Chickasaw Nation*, 515 U.S. 450, 453, 115 S. Ct. 2214, 2217, 132 L. Ed. 2d 400 (1995), in which the United States Supreme Court declared it was "settled law" that "when Congress does not instruct otherwise, a State's excise tax is

_____

\* Pourier has also presented no evidence that, prior to the enactment of the Hayden-Cartwright Act, the State collected any motor-fuel tax from Indians on Indian country.

unenforceable if its legal incidence falls on a Tribe or its members for sales made within Indian country." However, the circuit court did not acknowledge that in *Chickasaw Nation*, the Court explicitly "declined to address the issue of whether the [Hayden-Cartwright] Act applies to Indians on Indian reservations." *Pourier I,* 2003 S.D. 21, ¶ 11, 658 N.W.2d at 399 (citing *Chickasaw Nation*, 515 U.S. at 457, 115 S. Ct. at 2219). Thus, the question of whether the Hayden-Cartwright Act permits states to impose a motor-fuel tax on Indians located on Indian reservations was a question of first impression for this Court in *Pourier I*. *Id.* ¶ 12.

[¶14.] When a case presents a question of first impression, we have held that a party's position is substantially justified under SDCL 10-59-34 if it has "some plausible basis in fact and law . . . ." *N. States Power Co.*, 1998 S.D. 57, ¶ 12, 578 N.W.2d at 582. The issues presented before this Court in *Pourier I* involved complex matters of statutory interpretation that this Court had never before considered. In *Pourier I*, the circuit court agreed with the Department's position that the Hayden-Cartwright Act authorized the imposition of the motor-fuel tax on Pourier. Although the Department's position was ultimately rejected by this Court in *Pourier I*, it had "some plausible basis in fact and law." *Id*. As such, we hold the circuit court erred in finding the theory pronounced by the Department lacked a reasonable legal basis.

[¶15.]     **3.    Whether the facts alleged and the legal theory advanced by the Department were reasonably connected.**

[¶16.] The circuit court found that the facts alleged and the legal theory advanced by the Department were not reasonably connected because the Department's position was not "based in truth" and did not have a reasonable legal

basis. Since we have determined the circuit court erred in finding the Department's position was not "based in truth" and also erred in finding the Department's position did not have a reasonable legal basis, we find no basis for the circuit court's finding that the facts alleged and the legal theory advanced by the Department were not reasonably connected.

[¶17.]        Reversed.

[¶18.]        GILBERTSON, Chief Justice, and KONENKAMP, and WILBUR, Justices, and SABERS, Retired Justice, concur.

[¶19.]        SABERS, Retired Justice, sitting for ZINTER, Justice, disqualified.